UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LAURIE O. JAKEWAY and<br>DIANE M. WILSON, | )<br>)<br>) | CIV. 13-5015-JLV |
| Plaintiffs, | )<br>) | ORDER DISMISSING CASE |
| vs. | )<br>) | |
| MICHAEL A. LIVERMONT, SR., | )<br>) | |
| Defendant. | ) | |

On February 20, 2013, plaintiffs Laurie O. Jakeway and Diane M. Wilson filed a complaint against defendant Michael A. Livermont, Sr., alleging they were "illegally removed from [their] homesite" and lost assets. (Docket 1 at p. 1). Plaintiffs also assert a contract between Donald K. Bruce and Jerry Jakeway, deceased, was breached.[1]  Id.  Plaintiffs included documentation regarding the sale of a 2002 Ford F-350, although it is unclear how this vehicle ties into their claim. (Docket 1-1). Plaintiffs filed a motion for leave to proceed *in forma pauperis* and a motion for appointment of counsel. (Dockets 3 & 4).

Subject matter jurisdiction cannot be waived and it is the duty of this court to raise the issue *sua sponte*. State of Mo. Ex rel. Mo. Hwy & Transp. Comm'n v. Cuffley, 112 F.3d 1332, 1334 (8th Cir. 1997). "Federal courts are courts of limited jurisdiction . . . ." Mamot Feed Lot and Trucking v. Hobson, 539 F.3d 898, 902 (8th Cir. 2008). "[A] district court's federal question jurisdiction extends only to 'civil actions arising under the Constitution, laws,

---

[1] Donald Bruce is not a defendant.

or treaties of the United States.' " Id. (citing 28 U.S.C. § 1331). Diversity jurisdiction is limited to cases in which that "controversy exceeds the sum . . . of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). "[S]ubject matter jurisdiction is a threshold question [which] must [be] address[ed] at the outset." Carton v. General Motor Acceptance Corp., 611 F.3d 451, 455 (8th Cir. 2010). "The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987).

Federal Rule of Civil Procedure 8(a) requires a plain statement of the grounds for jurisdiction of the court and a concise statement of the claim showing that the claimant is entitled to relief. Fed. R. Civ. P. 8(a). Reading plaintiffs' complaint liberally, it appears to assert allegations of fraud[2] against defendant and a breach of contract claim. The plaintiffs' claims do not arise under the Constitution, laws, or treaties of the United States. Absent a federal

---

[2]Federal Rule of Civil Procedure 9(b) requires that allegations of fraud be pled with particularity: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this burden, the complaint must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation, and what was obtained or given up thereby." Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002). This specificity is required "to enable the defendant to respond specifically and quickly to the potentially damaging allegations." Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009) (citations and quotations omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Id. (quoting Schaller, 298 F.3d at 746).

claim, this court has no jurisdiction over a state-law cause of action such as fraud or breach of contract.

The complaint also fails to satisfy the diversity jurisdiction requirements of 28 U.S.C. § 1332(a)(1) because plaintiffs and defendant reside in the same state. Plaintiffs reside in Kadoka, South Dakota, and defendant resides in Belvidere, South Dakota. (Docket 1 at p.2).

The court concludes that federal subject matter jurisdiction does not exist in this case under either the federal question statute or the diversity of citizenship statute. Accordingly, it is hereby

ORDERED that plaintiffs' complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to proceed *in forma pauperis* (Docket 3) is denied as moot.

IT IS FURTHER ORDERED that plaintiffs' motion for appointment of counsel (Docket 4) is denied as moot.

IT IS FURTHER ORDERED that the $350 filing fee is waived in full.

Dated April 15, 2013.

                                      BY THE COURT:

                                      /s/ *Jeffrey L. Viken*
                                      JEFFREY L. VIKEN
                                      CHIEF JUDGE